IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CHESS,

        Plaintiff,                    No. CIV S-07-1767 LKK DAD P

    vs.

J. DOVEY, et al.,

        Defendants.            <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        On August 5, 2008, the court ordered the United States Marshal to serve plaintiff's complaint on defendants Abdur-Rahman, Dial, David, Dudley, French, Horensten, James, Miller, Reid, and Roche. The Marshal was unable to effect service on defendants Dial, Dudley, Horensten, and Reid. However, pursuant to this court's September 4, 2008 order, plaintiff timely submitted new service documents for defendants Dudley, Dial, and Horensten, which the court recently ordered the United States Marshal to serve. In addition, the court recently informed plaintiff that he must provide the court with additional information that would enable the United States Marshal to serve defendant Reid and granted plaintiff thirty days to submit to the necessary service documents.

1

On October 3, 2008, defendants Abdur-Rahman, French, James, Miller, and Roche filed a motion to dismiss. On February 4, 2009, defendant David moved to join the motion to dismiss. In response to defendants' motion to dismiss, plaintiff has filed a request to amend his complaint, together with a proposed amended complaint. In his proposed amended complaint, plaintiff has identified as defendants J. Dovey, T. Felker, Dr. Roche, and Dr. Dial.

Plaintiff is advised that a request for leave to amend is not a proper response to a motion to dismiss. See Local Rule 78-230(m). Moreover, after reviewing plaintiff's proposed amended complaint, the court finds that it fails to state a cognizable claim against defendants Dovey and Felker. As with plaintiff's original complaint, plaintiff has failed to allege any specific causal link between the actions of these supervisory personnel defendants and the claimed constitutional violations. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no constitutional entitlement to a specific prison grievance procedure). In addition, although the amended complaint appears to state a cognizable claim against defendants Roche and Dial, defendant Roche has already appeared as a defendant in this action and defendant Dial is in the process of being served. Accordingly, the court will deny plaintiff's request for leave to amend because any amendment would be futile.[1]

In the interests of justice, the court will grant plaintiff thirty days to file a proper opposition to defendants' motion to dismiss. Plaintiff is advised that Local Rule 78-230(m) provides: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On August 5, 2008 plaintiff was advised of the requirements for filing an opposition to the motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

---

[1] To the extent that plaintiff no longer wishes to proceed against defendants Abdur-Rahman, David, Dudley, French, Horensten, James, Miller, and Reid he may file a separate request to voluntarily dismiss them from this action. See Fed. R. Civ. P. 41(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 19, 2008 request to for leave to amend (Doc. No. 28) is denied;

2. Within thirty days of the date of this order, plaintiff shall file an opposition, if any, to defendants' motion to dismiss. Failure to file an opposition will be deemed as a statement of non-opposition and shall result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b).

DATED: March 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ches1767.46