IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CHESS,

Plaintiff, No. CIV S-07-1767 LKK DAD P

vs.

J. DOVEY, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_________________________________/

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Counsel on behalf of defendants has filed a motion to dismiss on the grounds that plaintiff's complaint does not contain a short and plain statement, fails to establish any connection or causal link between the defendants' alleged conduct and plaintiff's alleged injury, and fails to state a cognizable claim for inadequate medical care. Counsel for defendants also argues that plaintiff's broad request for injunctive relief should be dismissed because claims regarding inadequate medical care in California state prisons are subject to class action enforcement. Plaintiff has filed a timely opposition, and defendants have filed a timely reply.

/////

/////

## BACKGROUND

Plaintiff is proceeding on his original complaint against defendants Abudur-Rahman, David, Dial, Dudley, French, James, Miller, Reid, and Roche.[1] Therein, he alleges as follows. Plaintiff is a chronic care patient who suffers from a life-threatening liver disease and type-1 insulin-dependent diabetes. As a result of complications from these diseases, plaintiff has experienced peripheral neuropathy, nerve damage, leg and foot cramps, headaches, rashes, imbalance, and constant pain. Plaintiff also claims that he suffers from gallstones, scoliosis, degenerative disc disease, an enlarged spleen, and blindness in his left eye. (Compl. at 4-5.)[2]

On November 21, 2006, plaintiff arrived at High Desert State Prison ("HDSP"). Plaintiff claims that the defendants have reviewed his medical file at various points during his incarceration and are aware of his life-threatening diseases and various medical conditions. Plaintiff asserts that he has made repeated verbal requests and has submitted various medical slips to the defendants seeking treatment of his liver disease, diabetes, and pain, but they have refused his requests in violation of the Eighth Amendment. (Compl. at 7-13, 37-49 & Exs.)

Plaintiff has woven into his complaint various exhibits, including copies of his inmate appeals in which he complains of his need for medical treatment, and prison officials' responses thereto. He has also attached to his complaint copies of some of his medical requests seeking medical treatment from doctors at HDSP. Finally, plaintiff has attached to his complaint copies of his medical records, including x-ray and blood-work reports. For relief, plaintiff requests monetary damages and declaratory and injunctive relief. (Compl. at 101-03 & Exs.)

---

[1] Defendant Reid has not yet appeared in this action. On August 5, 2008, the court ordered the United States Marshal to serve plaintiff's complaint on the defendants. The Marshal was unable to effect service on defendant Reid. On March 20, 2009, the court ordered plaintiff to provide additional information to the court that would enable the Marshal to effect service on this defendant. Plaintiff timely submitted the necessary service documents, and on April 7, 2009, the court ordered the Marshal to serve plaintiff's complaint on defendant Reid again based on the new information plaintiff provided to the court.

[2] Due to confusing page numbering in plaintiff's complaint, the court uses CM-ECF page numbers as the basis for its citations herein.

**DEFENDANTS' MOTION TO DISMISS**

I. Defendants' Motion

Counsel for defendants argues that this action should be dismissed because plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, requiring a short and plain statement. Counsel argues that plaintiff's complaint consists of 103 pages of vague and confusing allegations against defendants with various exhibits intertwined therein. According to defense counsel, the defendants are at a loss as to what specific claims and allegations plaintiff makes against each of them. (Defs.' Mot. to Dismiss at 4-5.)

In addition, counsel argues that plaintiff's complaint fails to allege any connection or causal link between the defendants' alleged conduct and his alleged injury. For example, according to defendants, plaintiff claims that they have reviewed his medical file and are aware of his life-threatening diseases, including liver disease, gallstones, Hepatitis C, and diabetes. Plaintiff also claims that he has made requests to each of the defendants to treat his pain and medical conditions and to put him on a medical diet, but they have refused his requests and have been deliberately indifferent to his medical needs. According to defense counsel, however, plaintiff fails to allege how each defendant specifically violated his constitutional rights and how each defendant was deliberately indifferent to his medical needs. (Defs.' Mot. to Dismiss at 5-6.)

Defense counsel also argues that plaintiff's complaint fails to state a cognizable claim for inadequate medical care. For example, according to counsel, plaintiff claims that the defendants were deliberately indifferent to his medical needs because they either prescribed a certain treatment or refused to prescribe a certain treatment, discontinued his prescription medication, or refused to give him pain medication. Defense counsel argues, however, that plaintiff fails to allege anything more than a difference in medical opinion in this regard. (Defs.' Mot. to Dismiss at 7-8.)

Finally, counsel argues that plaintiff's claims for injunctive relief should be dismissed because they are subsumed within Plata v. Schwarzenegger, C-01-1351, a class action

lawsuit and that all claims regarding medical care in California state prisons are subject to class action enforcement. Defense counsel asserts that the class in Plata consists of all prisoners in custody with serious medical needs and that here plaintiff claims that he has serious medical needs. Accordingly, counsel concludes that plaintiff's claims for injunctive relief should be directed to class counsel in Plata. (Defs.' Mot. to Dismiss at 8-9 & Ex. A.)

II. Plaintiff's Opposition

In opposition to defendants' motion to dismiss, plaintiff argues that his complaint states a cognizable claim against defendants for violating his constitutional right to receive adequate medical care. Plaintiff explains that he suffers from several serious medical conditions, including a serious liver disease, an eye injury, degenerative disc disease, painful gallstones, Hepatitis C, and diabetes. He further explains that he has met with the defendants regarding his medical conditions, but they have failed to provide him with adequate medical treatment. For example, plaintiff contends that defendants have denied him his prescription medication, refused to accurately inform him of his test results, refused to provide him with treatment for his liver disease, and refused to provide him with pain medication for his gallstones. Plaintiff maintains that, as a result of defendants' failure to treat him or transfer him to a proper facility for such treatment, his eye condition has deteriorated to the point where he is almost blind his left eye, he has developed cirrhosis, he now has to walk with a cane to keep his balance, and suffers from constant pain. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-9.)

III. Defendants' Reply

In reply, counsel for defendants reiterates that plaintiff's complaint does not contain a short and plain statement or establish a casual link between defendants' alleged actions and his claims for inadequate medical care. Counsel also repeats that plaintiff's complaint fails to state a cognizable claim for inadequate medical care and that plaintiff's claims for injunctive relief are subsumed within Plata v. Schwarzenegger. For these reasons, counsel concludes again that the court should dismiss plaintiff's complaint. (Defs.' Reply at 2-4.)

## ANALYSIS

I. Legal Standards Applicable to a Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Legal Standards Applicable to Eighth Amendment Claims for Inadequate Medical Care

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must show that objectively he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate

indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

III.  Discussion

      Defense counsel argues that plaintiff's complaint does not contain a short and plain statement, fails to establish any connection or causal link between the defendants' alleged conduct and plaintiff's alleged injury, and fails to state a cognizable claim for inadequate medical care.  As defense counsel is aware, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

      On June 13, 2008, the court screened plaintiff's complaint and found that it appeared to state cognizable claims against defendants Abudur-Rahman, David, Dial, Dudley, French, James, Miller, Reid and Roche.  The court also found that plaintiff's complaint failed to state cognizable claims against defendants Dovey and Felker because plaintiff failed to allege any specific causal link between the actions of these supervisory personnel defendants and the claimed constitutional violations.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

      In screening plaintiff's complaint and ordering service of the complaint on defendants Abudur-Rahman, David, Dial, Dudley, French, James, Miller, Reid and Roche, the

court determined that plaintiff's complaint complied with Rule 8(a)(2) of the Federal Rules of Civil Procedure. As noted above, Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp., 550 U.S. at ___, 127 S. Ct. at 1965. The court also determined that there was a sufficient link or connection between the defendants' alleged actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In this regard, defense counsel's arguments that the complaint is not sufficiently short or plain enough and is also lacking in specificity is unpersuasive. Plaintiff specifically alleges throughout his complaint that defendants Abudur-Rahman, David, Dial, Dudley, French, James, Miller, Reid and Roche have denied him adequate medical care primarily for his liver disease, diabetes, or gallstones and the medical conditions he suffers as a result of these diseases, including blindness in his left eye and constant pain. Plaintiff has attached to his complaint various exhibits that further clarify his allegations and claims against these defendants. For example, plaintiff has attached to his complaint copies of his inmate appeals regarding his dissatisfaction with his medical care and prison officials' responses to his requests for treatment, including responses from some of the named defendants. Plaintiff has also attached to his complaint copies of his medical requests for treatment and reasonable accommodations, including a medical diet, as well as copies of his medical records, including a report from an outside physician who observed that plaintiff was in pain, that his diabetes was poorly controlled, and that he suffered from suspected diabetic neuropathy.

Of course, to the extent defense counsel is actually arguing that plaintiff's claims lack merit, counsel may ultimately prove to be correct. However, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery

is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Here, the court is unable to say based on its review of the complaint that the defendants were not deliberately indifferent to plaintiff's serious medical needs or that plaintiff's allegations and claims reflect a mere difference of opinion regarding proper medical treatment. Accordingly, defendants' motion to dismiss plaintiff's complaint because it does not contain a short and plain statement, fails to establish any connection or causal link between the defendants' alleged conduct and plaintiff's alleged injury, and fails to state a cognizable claim for inadequate medical care should be denied.

      As noted above, defense counsel also argues that the court should dismiss plaintiff's claims for injunctive relief because they are subsumed within Plata v. Schwarzenegger. A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

      A class action in the United States District Court for the Northern District of California, Plata v. Schwarzenegger, No. C 01-1351 THE, involves a constitutional challenge to the adequacy of medical care provided throughout the California state prison system. That is the same subject matter addressed by plaintiff's claims for equitable relief in this action. In this regard, plaintiff seeks broad injunctive relief requiring implementation of a pain management program for all "chronic care patients," the building of a "diet kitchen," implementation of a physical therapy program and various other system-wide changes in the medical care provided in California prisons. (Complaint at 101-02.) In fact, plaintiff specifically seeks, inter alia, an order

requiring defendants to come into compliance with Plata rulings. (Complaint at 101.) As a member of the Plata class, however, plaintiff must bring his "claims for equitable relief . . . through the class representative until the class action is over or the consent decree is modified." McNeil, 945 F.2d at 1166. See also, e.g., Crawford, 599 F.2d at 892-93; Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999); White v. Kasawa, No. C 08-3781 SI (PR), 2009 WL 498108 at *2 (N.D. Cal. Feb. 26, 2009) (dismissing plaintiff's claims for equitable relief for alleged violations of Plata rulings); Grajeda v. Horel, No. C 07-4752 PJH (PR), 2009 WL 302708 at *5 (N.D. Feb. 6, 2009) (dismissing plaintiff's claims for equitable relief in light of Plata class action); Meyer v. Schwarzenegger, No. CIV S-06-2584 LKK GGH P, 2008 WL 2223253 at *14 (E.D. Cal. May 27, 2008) (precluding plaintiff's claims for injunctive relief because he is a member of the Plata class). Accordingly, defendants' motion to dismiss plaintiff's claims for injunctive relief should be granted.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that defendants' October 3, 2008 motion to dismiss (Doc. No. 24) be granted in part and denied in part as follows:

1. Defendants' motion to dismiss plaintiff's complaint because it does not contain a short and plain statement, fails to establish any connection or causal link between the defendants' conduct and plaintiff's alleged injury, and fails to state a cognizable claim for inadequate medical care be denied; and

2. Defendants' motion to dismiss plaintiff's injunctive relief claims be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ches1767.57