IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CHESS,

    Plaintiff,                    No. CIV S-07-1767 LKK DAD P

    vs.

J. DOVEY, et al.,

    Defendants.             <u>ORDER</u>

/

        On October 1, 2009, the court referred this matter to Magistrate Judge Kellison to conduct a settlement conference on October 7, 2009. In light of that referral, the defendants requested an extension of time to file an answer on or before December 7, 2009, in the event that this matter was not settled beforehand. On October 6, 2009, the undersigned granted defendants' request and ordered them to file their answer on or before December 7, 2009. Thereafter, the parties failed to reach a resolution of the matter at the October 7, 2009, settlement conference. On December 8, 2009, defendants filed their answer to plaintiff's complaint. Now pending before the court is plaintiff's motion for entry of a default judgment. In the motion, plaintiff claims that defendants failed to timely file an answer. He requests $144,000.00 in compensatory damages as well as punitive damages against each defendant.

/////

1

1    Under Rule 55(a) of the Federal Rules of Civil Procedure, the court may enter a
2 default judgment against a party who fails to plead or otherwise defend.  The United States Court
3 of Appeals for the Ninth Circuit has explained:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this case, defendants filed their answer to plaintiff's complaint one day late under the terms of the court's October 6, 2009, order.  Plaintiff has not demonstrated any prejudice from defendants' failure to timely file an answer.  Nor has plaintiff demonstrated that any of the remaining factors for entry of a default judgment favor such action here.  Finally, the interests of justice do not support entry of a default judgment.  See, e.g., Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) (denying plaintiff's motion for entry of default judgment on the basis that defendant filed his motion to dismiss one day late).

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 14, 2009 motion for a default judgment (Doc. No. 64) is denied.

DATED: January 28, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ches1767.77