IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CHESS,

      Plaintiff,                              No. CIV S-07-1767 DAD P

    vs.

J. DOVEY, et al.,

      Defendants.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding through counsel with this civil rights action seeking relief under 42 U.S.C. § 1983. All parties to this action have now consented to magistrate judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).

        On January 11, 2012, when the case was reassigned to the undersigned, all scheduling dates set before United States District Judge Karlton were vacated. The parties have filed a stipulation and requested a new pretrial conference date in April or May 2012, and a jury trial in June 2012.

        Good cause appearing, IT IS HEREBY ORDERED that:

        1. This matter is set for Pretrial Conference before the undersigned on **May 31, 2012, at 10:00 a.m. in Courtroom 27**. The Pretrial Conference will not require the attendance of the plaintiff-prisoner. All counsel are cautioned that counsel appearing for Pretrial Conference

1

will in fact try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement which identifies every non-discovery motion tendered to the court, and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

        2.  The parties shall file Separate Pretrial Statements, the contents and timing of which are set forth in Local Rule 281, except that the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u> Local Rule 281(b)(3), (4), and (6).  The parties are reminded to include in their joint statement all disputed and undisputed special factual information as required by Local Rule 281(b)(6).  The undisputed facts and disputed factual issues are to be set forth in two separate sections.  In each section, the parties should identify first the general facts relevant to all causes of action.  After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  Each individual disputed fact or factual issue shall include the following introductory language: "Whether or not . . . ."  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

/////

3. Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed <u>NUMERICALLY</u>; defendants' exhibits shall be listed <u>ALPHABETICALLY</u>. In the event that the alphabet is exhausted, defendants' exhibits shall be marked "2A-2Z, 3A-3Z, etc." The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

4. Pursuant to Local Rule 281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

5. Pursuant to Local Rule 281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim whether federal or state law governs, and if state law, the state whose law is applicable.

6. Counsel are reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of

1  SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of
2  claims or defenses, or such other sanctions as the court deems appropriate.
3        7. This matter is set for jury trial before the undersigned on **June 25, 2012, at**
4  **10:00 a.m. in Courtroom 27**.
5  DATED: February 29, 2012.

                                              */s/ Dale A. Drozd*
                                              DALE A. DROZD
8  DAD:9                                    UNITED STATES MAGISTRATE JUDGE
   ches1767.41sjd